IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON,

      Plaintiffs,

vs.                                      No.  CIV-10-797 JB/WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA & DANIEL VAZQUEZ,

      Defendants.

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF EVIDENCE FROM OTHER CASES OR CLAIMS BROUGHT AGAINST DEFENDANTS AND ANY EVIDENCE OF ALLEGATIONS OF PRIOR AND SUBSEQUENT BAD ACTS AND MEMORANDUM IN SUPPORT THEREOF**

**COME NOW,** Defendants Albuquerque Police Officers Jennifer Jara and Daniel Vazquez (hereinafter "Defendants") by and through their attorney, Assistant City Attorney Tarra L. Hoden, and pursuant to Fed. R. Evid. 104, 401, 403, and 404, and hereby state the following for their Memorandum in Support of their Opposed Motion in Limine to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts:

**INADMISSIBLE EVIDENCE**

During the trial in this case, Plaintiff may seek to introduce evidence that is inadmissible under the Federal Rules of Evidence. Although Defendants are unaware of the specific information Plaintiff may attempt to elicit on direct or cross-examination, Defendants seek an order from the Court prohibiting Plaintiff from inquiring into the following matters:

    1.      Unrelated lawsuits/claims brought against any of the Defendants;

    2.      Improper Character Evidence against any of the Defendants; and

3.  Investigations from Internal Affairs/Citizen Complaints against any of the Defendants.

## LEGAL ARGUMENT

**I. THE INADMISSIBLE EVIDENCE IS NOT RELEVANT EVIDENCE UNDER RULE 401.**

Pursuant to Rule 401 "relevant evidence is defined as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence

In the instant case, the aforementioned inadmissible evidence is not relevant in proving Plaintiff's claims against Defendants. Plaintiff has made claims under 42 U.S.C. § 1983 for unlawful seizure in her home, unlawful entry and search in her home, and that Plaintiff was arrested without probable cause. None of the aforementioned inadmissible evidence is probative of these claims as there are no prior or subsequent internal affairs investigations or lawsuits involving any of the Defendants and Plaintiff. Also, the aforementioned materials should not be admitted during trial because there are no municipal liability claims brought in this action. *See, e.g., Calunsinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) (trial court properly excluded subsequent incidents involving allegations of excessive force because the plaintiffs did not have any claims against the municipality and because subsequent incidents cannot establish municipal liability); *Reynolds v. City of Little Rock*, 893 F.2d 1004, 1006-07 (8th Cir. 1990) (holding that district court's decision to exclude police department's investigative files on previous instances of deadly force was not erroneous as municipal and supervisory liability claims were not before jury for consideration).

Furthermore, such inadmissible evidence is not probative of Plaintiff's claim that her arrest was not supported by probable cause.  For example, probable cause exists if facts and circumstances within the arresting officer's knowledge of which the officer has reasonable trustworthy information are sufficient to lead a prudent police officer to believe that the person being arrested has committed a crime.  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995); *U.S. v. Patane*, 304 F.3d 1013, 1018 (10th Cir. 2002).  Additionally, the Court in *Summers v. State of Utah*, 927 F.2d 1165, 1166-67 (10th Cir. 1991) recognized that probable cause for arrest is determined in terms of the circumstances confronting the arresting officer at the time of the arrest.  Thus, to determine whether these Defendants committed any constitutional violation against this Plaintiff in the case at bar, it is the facts and circumstances within the Defendants' knowledge at the time of the arrest that must be assessed, rather than attempting to establish a correlation between this incident involving Plaintiff and Defendants and unrelated complaints made against the officers in this case.

The fact that Defendants may have been, or are currently, defendants in other lawsuits is irrelevant to the case at bar.  None of those cases bear any relation to this case.  First, the facts and circumstances of the other cases, which occurred both prior and subsequent to the case at bar, are different from those involved in this case.  Also, the Plaintiff in this case was not involved in any of the incidents giving rise to the other cases, nor are any of the plaintiffs in those cases involved in the case at bar.  Additionally, because the facts, circumstances, and persons involved in the various cases are different, none of the Defendants' perspective on the scene of the incident in this case is comparable to the perspective they may have had on the scene of any of the other cases.  Therefore, pursuant to Federal Rule of Evidence 401, any cases or claims unrelated to this case are not relevant and are inadmissible evidence.

## II.  THE INADMISSIBLE EVIDENCE CONSTITUTES IMPROPER CHARACTER EVIDENCE UNDER RULE 404.

Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a).  "This rule is necessary because of the high degree of prejudice that inheres in character evidence.  In most instances, [the Tenth Circuit is] unwilling to permit a jury to infer that an individual performed the alleged acts based on a particular character trait." *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986) (citing Fed. R. Evid. 404 advisory committee note).  Moreover, Federal Rule of Evidence 404(b) states: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).  *See also Tanberg v. Sholtis*, 401 F.3d 1151, 1167-68 (10th Cir. 2005) (evidence of several other occasions when officer allegedly arrested individuals without probable cause or used excessive force not admissible in Section 1983 claim against the officer for use of excessive force); *Hopson v. Frederickson,* 961 F.2d 1374, 1379 (8th Cir. 1992) ("showing a 'proclivity to engage' in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [Rule 404(b)]"); *Donald v. Rast*, 927 F.2d 379, 381 (8th Cir.), *cert. denied*, 502 U.S. 827 (1991) (evidence that an officer had been reprimanded on several occasions properly excluded as character evidence); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (prior complaints against police after showing an aggravated state of mind was improper character evidence); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (testimony of inmate regarding the callous indifference by prison official toward the protection of inmates properly excluded, *inter alia*, because it did not fit within a Rule 404(b) exception); *Tyler v. White*, 811 F.2d 1204, 1206 (8th Cir. 1987) (district court did not err in refusing to allow plaintiffs to show that prison officer

was transferred to another facility for carrying brass knuckles after the incident in question); *Hirst v. Gertzen*, 676 F.2d 1252, 1262 (9th Cir. 1982) (deputy's prior violent and brutal acts constitute inadmissible character evidence); *Eigeman v. City of Great Falls*, 723 F. Supp. 522 (D. Mont. 1989) (finding that new trial not warranted on basis of newly discovered evidence that police officer was involved in a subsequent unrelated incident because such evidence "would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of the defendant . . . . This is precisely what Fed. R. Evid. 404 is designed to prohibit.")  To admit other crimes, wrongs, or acts under Federal Rule of Evidence 404(b), the proponent must provide a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.  *See United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987) (discussing the inadmissibility of evidence of prior or subsequent bad acts to show action in conformity therewith).

In the instant case, Defendants' actions in any prior and subsequent internal affairs investigations and in other lawsuits do not prove that they violated Plaintiff's civil rights. Instead, the only thing the internal affairs investigations and unrelated claims/cases tend to prove is Plaintiff's attempt to imply and/or show that Defendants have bad character and that they acted in conformity with that character in this particular incident.  Rules 404(a) and (b) expressly prohibit such evidence.  Therefore, pursuant to Federal Rule of Evidence 404, this Court should preclude Plaintiff from offering character evidence and evidence that Defendants engaged in any alleged prior or subsequent "bad acts."

### III. THE INADMISSIBLE EVIDENCE CANNOT WITHSTAND THE RULE 403 BALANCING TEST.

Even if the inadmissible evidence is somehow relevant and/or fits within one of the exceptions provided by Rule 404(b), this Court should still exclude this evidence under Federal

Rule of Evidence 403 because it cannot withstand the 403 balancing test.  Rule 403 reads in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury . . . .

Fed. R. Evid. 403; *see also McEwen v. City of Norman*, 926 F.2d 1539, 1549-50 (10th Cir. 1991) (unfair prejudice "cannot be equated with testimony which is simply unfavorable to a party.  It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.")  In this case, any attempt by Plaintiff to introduce the inadmissible evidence should be precluded because of the danger of unfair prejudice to Defendants and because confusion of the issues will substantially outweigh its probative value.  *See, e.g., Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996); *Berkovich*, 922 F.2d 1018 (2nd Cir. 1991) (finding that district court did not abuse its discretion in observing that introduction of prior complaints against a police officer would "inflame the situation" and thus should be excluded under Rule 403).

In *Soller*, Joan Soller, the mother of Brian Satermo, brought a Section 1983 action against police officer Eric Moore as a result of the shooting death of Satermo after a high-speed chase.  *Id.*  Prior to trial, the district court granted a motion in limine prohibiting Soller from introducing evidence that Officer Moore was involved in another shooting which Soller claimed to be strikingly similar.  *Id.* at 967.  The jury found in favor of Officer Moore, and Soller appealed.  *Id.*  On appeal, Soller challenged the district court's order precluding her from presenting evidence of the prior incident involving Officer Moore.  *Id.*  Soller had sought to introduce the prior incident under Federal Rule of Evidence 404(b).  *Id.* at 968.  The Seventh Circuit Court of Appeals upheld the district court's ruling refusing to admit evidence of the prior incident.  *Id.*  In reaching its decision,

6

the court in *Soller* reasoned that even assuming the evidence was relevant, the district court did not abuse its discretion in finding that the probative value of the evidence was substantially outweighed by unfair prejudice, confusion of the issues, and other considerations based on delay. *Id.* Specifically, the court in *Soller* expressed concern should such evidence be admitted at trial.

> If received, the trial could have detoured into an entire replay of [prior] encounters. A trial within a trial could have resulted. While we're certain the district judge could have structured the presentation of the issues in such a way as to cabin the evidence a bit, all sorts of irrelevancies could have conceivably crept into the case nevertheless. We are confident that the district court carefully balanced the issues here and, in the exercise of discretion, opted to take a restrictive approach. We cannot say, based on this record, that the judge abused his discretion in making the call. *Id.*

In the instant case, evidence regarding Defendants' actions in prior and subsequent unrelated incidents will undoubtedly confuse the issues in this case and mislead the jury, thus making a determination of Plaintiff's claims on the merits unlikely. Additionally, such evidence would interject collateral issues that would shift the jury's attention away from the subject incident. Hence, in defending against the prejudicial effect of such inadmissible evidence, Defendants would be forced to introduce evidence from each incident to show that Defendants' actions were proper and reasonable. Such a process would undoubtedly result in a series of mini-trials. *See, e.g., Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)(evidence of prior lawsuits filed against the defendant officer was properly excluded because the admission of such evidence "would inevitably result in trying those cases or at least portions of them, before the jury.") Moreover, if Defendants' involvement in unrelated instances of alleged misconduct was admitted at trial, such evidence will unfairly prejudice Defendants. *See Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991) (evidence of past disciplinary action against officer was not admissible under Rule 403); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986)

(pursuant to Rules 403 and 407, district court properly excluded evidence of police officer's admission, during a disciplinary hearing, of violating city policy).  Thus, this Court should also preclude Plaintiff from offering the inadmissible evidence at trial because such evidence cannot withstand the 403 balancing test.

**WHEREFORE**, Defendants respectfully request this Court grant Defendants' Motion in Limine Motion to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts.

Respectfully submitted:

CITY OF ALBUQUERQUE
Office of the City Attorney

/s/ Tarra L. Hoden_____
Tarra L. Hoden
Stephanie M. Griffin
Assistant City Attorneys
*Attorney for Defendants*
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500; fax (505) 768-4440

I hereby certify that the foregoing
was sent via Notice of Electronic
Filing to:

on this 25th day of October, 2011.

/s/ _Tarra L. Hoden_____
Tarra L. Hoden
Assistant City Attorney