IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON,

       Plaintiff,

vs.                                             No.  CIV-10-797 JB/WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA & DANIEL VAZQUEZ,

       Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF EVIDENCE FROM OTHER CASES OR CLAIMS BROUGHT AGAINST DEFENDANTS AND ANY EVIDENCE OF ALLEGATIONS OF PRIOR AND SUBSEQUENT BAD ACTS AND MEMORANDUM IN SUPPORT THEREOF**

      Pursuant to the Federal Rule of Evidence 404(b), Plaintiff requests that this Court deny Defendants' motion in limine to exclude evidence of other acts. Defendant's prior and subsequent similar acts are highly relevant in this matter. Plaintiff offers this evidence not as proof of the Defendant Jara's propensity to act in the manner in question, but for a proper purpose as required by Fed. R. Evid. 404(b).

### Introduction

      Plaintiff wishes to introduce evidence of other acts by Defendant Jara. The Plaintiff offers the evidence for the proper purpose of aiding the jury in understanding the extent of Jara's malice, the absence of mistake in her intentional conduct towards Plaintiff, and her improper motive in conducting herself in the manner at issue. As the facts in this matter are mostly undisputed, an important issue in dispute for the trier of fact is damages to award the Plaintiff.  In order to fully assess the amount and type of damages, the Plaintiff should be permitted to fully

inform the fact finder with evidence of Defendant Jara's malicious and reprehensible conduct in the context of her work.

There are four requirements for the admission of other acts evidence under Fed. R. Evid. 404(b); "the (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted". United States v. Oberle, 136 F.3d 1414, 1418 (10th Cir. 1998); United States v. Sampson, 980 F.2d 883 (3d Cir. 1992).

Fed. R. Evid. 404(b) states "while "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". Fed. R. Evid. 401 states that evidence is relevant if it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Feds R. Evid. 402 states "all relevant evidence is admissible, unless otherwise provided" by a controlling authority. Finally, Fed. R. Evid. 403 provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". If the evidence of a party's other acts satisfies the various rules, it is admissible. Admission of evidence of other malicious acts is reviewed for abuse of discretion. United States v. Kravchuk, 335 F.3d 1147, 1156 (10th Cir. 2003)

    **I.**    **Evidence of Jara's other acts is highly relevant to Plaintiff's punitive damages**

With regard to punitive damages, "the degree of reprehensibility of the defendant's conduct is 'the most important indicium of the reasonableness of a punitive damages award". CGB Occ. Therapy, Inc. v. RHA Health Servs., Inc., 499 F.3d 184, 190 (3d Cir. 2007). A factor in the court's "reprehensibility analysis" is whether the defendant's "conduct involved repeated actions or was an isolated incident" as "evidence that a defendant has repeatedly engaged in prohibited conduct is highly indicative of reprehensibility". Id.  Prior misconduct may tend to demonstrate reckless disregard for the rights of others.  Martinez v. City of Stockton, 132 F.R.D. 677, 683 (E.D. CA. 1990); citing Moody v. Ferguson, 732 F. Supp. 627 (D.S.C. 1989).

Here, Defendant's conduct towards Plaintiff was not an isolated incident. Defendant Jara has a history of similar malicious behavior towards other citizens. Plaintiff should be permitted to prove the maliciousness of Defendant's conduct towards her by presenting other, similar acts towards citizens. The other acts in question reveal Jara's pattern of intentionally using her office to deprive others of their civil rights. Additionally, the other acts plainly illustrate her improper, intentional and malicious treatment of others.

### II.     The other acts evidence is offered for a proper purpose under Fed. R. Evid. 404(b)

The "other acts" evidence listed above is not offered by Plaintiff to show Defendant's conformity with those actions, or propensity to commit those actions. Plaintiff offers the evidence to prove Defendant Jara's malicious intent, knowledge and absence of mistake or accident, all permissible purposes under Rule 404(b). Plaintiff offers the evidence to illustrate Defendant's malicious intent and improper motive which accompanied her conduct towards the Plaintiff.  Evidence of Defendant Jara's other malicious conduct towards others like Plaintiff, is relevant as these incidents make it more probable that Jara acted with malicious intent in her conduct towards Plaintiff.  The Plaintiff should be allowed to offer this evidence to the trier of

fact as Defendant's conduct towards Plaintiff was not an isolated event; on the contrary, Defendant has a pattern of acting maliciously. Plaintiff's was not an isolated incident for which the Defendant can make an excuse, it is one of many instances involving the Defendant, and the Plaintiff should be given a chance to fully inform the trier of fact with the evidence.

### III. The other acts evidence should be admitted under Fed. R. Evid. 404(b) as it does not risk unfairly prejudicing the Defendant.

The "knowledge, intent, and lack of mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts". United States v. Givan, 320 F.3d 452, 60 Fed. R. Evid. Serv. (CBC) 1138 (3d Cir. Pa. 2003); citing, Huddleston v. United States, 485 U.S. 681 (U.S. 1988). Once the court has determined the other acts evidence is offered for a proper purpose, and also satisfies Fed R. Evid. 401 and 402, the next inquiry for admission of other acts type evidence is to subject it to a Fed. R. Evid. 403 balancing test. The other acts evidence, although admissible on a "legal basis", must be "evaluated against the unfair prejudice standard of Fed. R. Evid. 403. Government of Virgin Islands v. Harris, 938 F.2d 401, 420 (3d Cir. 1991).

The danger of <u>unfair</u> prejudice to the Defendant is minimal. As the facts in this matter are mostly undisputed, namely that Defendant Jara did act, there is no danger of the jury concluding because of Jara's prior acts she must have committed the act towards Plaintiff. The jury need only consider the evidence for the legitimate proper purpose Rule 404(b) proscribes, which is to make a judgment about her state of mind during the incident. There is no real danger of unfair prejudice in permitting the Plaintiff to present this evidence. The evidence is highly probative and will simply serve to fully inform the jury and assist them in determining Defendant's liability and Plaintiff's damages.

## **CONCLUSION**

Wherefore, Plaintiff respectfully requests this Court deny Defendant Jara's motion in limine to exclude evidence of other acts and permit the Plaintiff to present evidence of Defendant Jara's other acts at trial.

Respectfully Submitted,

*/s / Joseph P. Kennedy*
Joseph P. Kennedy
Shannon L. Kennedy
Kennedy Law Firm
1000 Second Street NW
Albuquerque, NM 87102
(505) 244-1400
Attorneys for Plaintiff