IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON and
TIMOTHY CHABOT,

       Plaintiffs,

vs.                                       No. CIV 10-0797 JB/WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA and DANIEL VAZQUEZ,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on (i) the Defendants' Motion in Limine to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts and Memorandum in Support Thereof, filed October 25, 2011 (Doc. 52)("Def.s' Motion in Limine") and (ii) Plaintiff Martha Wilson's Motion in Limine to Preclude Argument or Comment Regarding Information Defendants Learned After the Arrest of Plaintiff and to Preclude Comment or Argument Relating to Any Actions of Timothy Chabot, filed October 31, 2011 (Doc. 62)("Wilson's Motion in Limine").  The Court held a hearing on October 31, 2011.  The primary issues are: (i) whether the Court should prohibit Plaintiff Martha Wilson from inquiring into prior or subsequent bad acts; and (ii) whether the Court should prohibit Defendants Jennifer Jara and Daniel Vazquez from discussing Timothy Chabot's conduct during and after his arrest.  The Court will grant the Defendants' Motion in Limine, and exclude evidence of the Defendants' subsequent bad acts and unrelated claims against the Defendants.  The Court concludes that evidence of the Defendants' subsequent bad acts or unrelated claims against the Defendants are irrelevant under rule 401 of the Federal Rules of Evidence.

Additionally, evidence of Jara's reprimand in a subsequent, unrelated incident would be prejudicial. The Court will also grant in part Wilson's Motion in Limine, and exclude evidence that Timothy Chabot, Wilson's son, kicked out the police car window.  The Court concludes that evidence that Timothy Chabot broke the police care window is irrelevant to whether Wilson's rights were violated and does not make any fact of consequence to that determination more or less probable.  The Court finds that evidence of T. Chabot's other actions are relevant either to the  unlawful entry claim or the claim that the Defendants arrested Wilson without probable cause.

## FACTUAL BACKGROUND

On August 16, 2007, Wilson and T. Chabot were at their home, an apartment on Tramway Boulevard in Albuquerque, New Mexico.  See Deposition of Martha Wilson at 30:15-19 (taken June 8,  2011), filed July 6, 2011 (Doc. 31-1)("Wilson Depo.").  Wilson shared her home with T. Chabot and her daughter, Haley Chabot.   See Wilson Depo. at 28:24-21:5.   Jara and Vazquez were dispatched to Wilson's home on a complaint about two males fighting.  See Deposition of Jennifer Jara at 32:2-4, filed July 6, 2011 (Doc. 31-2)("Jara Depo.").  After interviewing H. Chabot, Jara and Vazquez went to the Wilson home and knocked on the door.  See Deposition of Daniel Vazquez at 31: 3-10 (taken July 8, 2011), filed July 6, 2011(Doc. 31-3)("Vazquez Depo.").  Jara and Vazquez announced themselves, remaining outside the apartment, and Wilson answered the door.  See Vazquez Depo. at 31:8-25.

When Wilson answered the door, Jara and Vazquez informed Wilson that H. Chabot indicated that T. Chabot had committed domestic violence upon her and requested to speak with T. Chabot.  See Transcript of Officer Jara's Belt Tape at 2:18-3:10 (August 16, 2007) filed July 27, 2011 (Doc. 38-8)("Jara's Belt Tape").  Wilson explained to Jara and Vazquez that H. Chabot had

a male friend over, and that an argument between the friend and T. Chabot "escalated into a fight." Wilson Depo. at 44:2-5. Jara and Vazquez asked to speak with T. Chabot several times and stated that they did not want any problems with Wilson. See Jara's Belt Tape at 3:17-4:25. Wilson continued to refuse to retrieve T. Chabot, and denied that Jara and Vazquez were having a problem with her. See Jara's Belt Tape at 5:1-17. Jara and Vazquez ordered Wilson to go get her son or they would come in to get him. See Jara Depo. at 45:2-12, 61:22-23, 62:15-17. After Jara stated that they would go in to get him, Wilson responded that she would retrieve T. Chabot. See Jara's Belt Tape at 6:15-7:4. Wilson went to retrieve her son. See Jara Depo. at 49:15-18.

Wilson retrieved T. Chabot, and he stood in the doorframe, but still in the interior of the apartment. See Wilson Depo. at 47:8-13. Jara and Vazquez asked T. Chabot to speak with them at the bottom of the stairs. See Vazquez Depo. at 49:9-12. Wilson responded that T. Chabot did not need to go downstairs with them, and Vazquez repeated his request. See Jara's Belt Tape at 7:14-23. T. Chabot did not voluntarily go outside. See Vazquez Depo. at 51:1-5. Wilson blocked T. Chabot from going downstairs, at which point Jara and Vazquez decide to arrest T. Chabot based on the battery of H. Chabot. See Vazquez Depo. at 51:12-52:20.

Jara and Vazquez reached into the apartment, beyond the threshold, to arrest T. Chabot, and T. Chabot stepped deeper into the apartment. See Jara Depo. at 72:9-23. When T. Chabot retreated, Wilson grabbed Vazquez' arm, and the force of T. Chabot's retreat physically pulled Vazquez into the apartment. See Vazquez Depo. at 57:24-58:2. Vazquez extended his arm out, making contact with Wilson's person, to have her step back. See Vazquez Depo. at 62:10-17. Jara asserts that, during this altercation, T. Chabot spat on her. See Wilson's Motion in Limine at 2. After cuffing T. Chabot, Jara and Vazquez took him downstairs, and Jara told Wilson to remain upstairs and not

-3-

to follow them or that she too would be arrested.  <u>See</u> Markel Depo. at 26:15-27:25.  Wilson ignored

Jara's request to not follow them downstairs.  <u>See</u> Jara Depo. at 73:17-75:12.  When she continued

to disobey police orders and act in a disruptive manner, Jara arrested Wilson for battery on a police

officer, disorderly conduct, and resisting arrest/obstructing justice.  <u>See</u> Jara Depo. at 76:1-8.  While

Wilson was being arresting, T. Chabot kicked out the window of the police car.  <u>See</u> Wilson's

Motion in Limine at 2.

On a later date, Jara was involved in an incident where, while off-duty and out-of-uniform,

she called in a suspected drunk driver and then participated in the questioning of the driver when

an officer pulled him over.   <u>See</u> Transcript of Hearing at 3:24-4:12 (October 31,

2011)(Kennedy)("October 31, 2011 Tr."); October 31, 2011 Tr. at 5:10-21 (Hoden).[1]   The

Albuquerque Police Department ("APD") disciplined Jara for her conduct in that matter.  <u>See</u>

October 31, 2011 Tr. at 5:17-21 (Hoden).  APD reprimanded Jara "for the type of clothing she was

wearing and just interjecting herself in the situation."  October 31, 2011 Tr. at 5:17-21 (Hoden).

When asked about the event at her deposition, Jara could not explain why she was disciplined or

what she did wrong.  <u>See</u> October 31, 2011 Tr. at 6:8-12 (Kennedy).

## **PROCEDURAL BACKGROUND**

Wilson and T. Chabot filed their Complaint in the Second Judicial District, Bernalillo

County, State of New Mexico, on July 15, 2010.  <u>See</u> Complaint to Recover Damages for

Deprivation of Civil Rights (dated July 15, 2010), filed August 25, 2010 (Doc. 1-1)("Complaint").

She brought suit under 42 U.S.C. § 1983 and alleges: (i) Arrest and Prosecution Without Probable

---

[1]The Court's citations to the transcripts of the hearing refer to the court reporter's original, unedited version.  Any final transcripts may contain slightly different page and/or line numbers.

Cause (Count I); (ii) Fourth Amendment Claim for Excessive Use of Force (Count II); and (iii) Fourth Amendment Claim for Warrantless Arrest in Home and Unlawful Entry Into Home (Count III). See Complaint ¶¶ 22-23, 28, 33, at 3-5. On August 25, 2011, the Defendants removed the case to federal court pursuant to 28 U.S.C. § 1331 federal-question jurisdiction. See Notice of Removal ¶ 6, at 2, filed August 25, 2011 (Doc. 1). After removing the case, the Defendants filed Defendants' Answer to Plaintiffs' Complaint, filed August 26, 2011 (Doc. 6)("Answer"). The Defendants denied the Plaintiffs' claims and asserted that: (i) they are entitled to qualified immunity; (ii) the Plaintiffs or third persons caused the Plaintiffs' injuries; (iii) the arrest-without-warrant provision of N.M.S.A. 1978, § 31-1-7 shields them from liability; and (iv) the Family Violence Protection Act, bars one or more of the Plaintiffs' claims. See Answer at 3-6.[2]

On July 6, 2011, Wilson moved for summary judgment on Count III of her Complaint, in which she seeks damages as a result of an unlawful in-home detention and arrest. See Plaintiff Martha Wilson's Motion for Summary Judgment at 1, filed July 6, 2011 (Doc. 31)("Motion SJ"). On July 27, 2011, the Defendants responded and asserted qualified immunity as well as immunity under the Family Violence Protection Act. See Defendants' Response to Plaintiff Martha Wilson's Motion for Summary Judgment as to Count III at 11, 23, filed July 27, 2011 (Doc. 38)("Response"). The Defendants argue that Jara and Vazquez' actions constituted a threshold arrest,[3] and not an unlawful entry. See Response at 12-15. On October 17, 2011, the Court entered its Memorandum

---

[2]On October 4, 2011, T. Chabot's attorney informed the Court that T. Chabot is no longer pursuing his claims. See Memorandum Opinion and Order at 17.

[3]The United States Court of Appeals for the Tenth Circuit permits arrests in the "threshold" of a citizen's home if the individual comes to the door voluntarily because they are then in the public view and do not have a legitimate expectation of privacy. Compare McKinnon v. Carr, 103 F.3d 934 (10th Cir. 1996), with United States v. Flowers, 336 F.3d 1222 (10th Cir. 2003).

Opinion and Order granting the Motion for Summary Judgment on the claim that Wilson was illegally seized.  <u>See</u> Memorandum Opinion and Order at 1, filed October 17, 2011 (Doc. 45)("MOO").  Left for trial are the two claims that the Court denied the motion on: (i) the claim of illegal entry and (ii) the claim of arrest without probable cause.  <u>See</u> MOO at 47, 49-50.

On October 25, 2011, the Defendants filed their Motion in Limine asserting that the Court should prohibit Wilson from inquiring about unrelated lawsuits, improper character evidence, and Internal Affairs/Citizen Complaints against any of the Defendants.  <u>See</u> Def.s' Motion in Limine at 1-2.  They argued that such evidence is inadmissible, because it is irrelevant under rule 401 of the Federal Rules of Evidence, improper under rule 404, and prejudicial under rule 403.  <u>See</u> Def.s' Motion in Limine at 2-7.  In response, Wilson asserts that: (i) evidence of Jara's other acts is highly relevant to the Wilson's claim for punitive damages; (ii) the evidence is offered for a proper purpose under rule 404(b) of the Federal Rules of Evidence; and (iii) the evidence does not risk unfairly prejudicing the Defendants.  <u>See</u> Plaintiff's Response to Defendants' Motion in Limine to Exclude Introduction of Evidence From Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts and Memorandum in Support Thereof Response at 2-4, filed October 31, 2011 (Doc. 61)("Response").  Additionally, Wilson filed a Motion in Limine.  <u>See</u> Wilson's Motion in Limine at 1.  Wilson argues that the Court should prohibit the Defendants from introducing information that they learned after her arrest and evidence regarding T. Chabot's actions.  <u>See</u> Wilson's Motion in Limine at 1.

On October 31, 2011 the Court held a hearing.  At the hearing, Wilson asserted that she wished to introduce evidence relating to a subsequent act of misconduct by Jara.  <u>See</u> October 31, 2011 Tr. at 3:25-4:3 (Kennedy).  Wilson stated that this evidence would be relevant to punitive

damages, specifically Jara's mental state and maliciousness.  <u>See</u> October 31, 2011 Tr. at 4:2-5 (Kennedy).  Wilson stated that she would establish, through Jara's testimony, that Jara was involved in an incident where she had a driver pulled over while in civilian clothes -- a tank top and shorts -- and engaged in conduct the police department deemed inappropriate.  <u>See</u> October 31, 2011 Tr. at 4:5-8 (Kennedy).  Wilson stated that she would not attempt to introduce any other bad acts. <u>See</u> October 31, 2011 Tr. at 4:19-24 (Court, Kennedy).  Responding to Wilson's argument, the Defendants asserted that the incident is not probative of Jara's actions in this case and is prejudicial. <u>See</u> October 31, 2011 Tr. at 5:2-6 (Hoden).  The Defendants stated that the incident occurred when Jara was off-duty, wearing a tank top and shorts.  <u>See</u> October 31, 2011 Tr. at 5:10-13 (Hoden).  Jara believed that a driver was driving under the influence and called in to the police department with her suspicions.  <u>See</u> October 31, 2011 Tr. at 5:14-15 (Hoden).  When the police pulled the driver over, Jara participated in questioning the driver, he complained, and she was reprimanded "for the type of clothing she was wearing and just interjecting herself in the situation."  October 31, 2011 Tr. at 5:17-21 (Hoden).  Wilson stated that the situation relates to punitive damages and the conduct in this case, because when asked about the reprimand in her deposition, Jara could not "give a reason as to why she was disciplined," and Jara stated in her deposition that she did not think it would be unlawful to retrieve T. Chabot from the house if Wilson did not.  <u>See</u> October 31, 2011 Tr. at 5:23-6:25 (Kennedy).

Wilson also argued that the Court should exclude evidence of T. Chabot's actions.  <u>See</u> October 31, 2011 Tr. at 7:24-8:4 (Kennedy).  The Defendants asserted that T. Chabot's alleged actions, spitting on Jara and kicking the police car window, are relevant to the totality of the circumstances. <u>See</u> October 31, 2011 Tr. at 8:12-17 (Hoden).  The Defendants stated that T. Chabot

kicked the window while Jara and Vazquez arrested Wilson, but admitted that "it [did not] impact [any] decision as it relates to Ms. Wilson."  October 31, 2011 Tr. at 9:10-23 (Court, Hoden).  The Defendants explained that T. Chabot spat on Jara upstairs, while the Defendants attempted to arrest him and while Wilson was grabbing Vazquez' arm.  See October 31, 2011 Tr. at 10:16-19 (Hoden).  Again, the Defendants asserted that the spitting goes to the totality of the circumstances.  See October 31, 2011 Tr. at 10:23-25 (Hoden).  Wilson argued that she did not contribute to and did not encourage this struggle with T. Chabot.  See October 31, 2011 Tr. at 11:12-12:3 (Kennedy).  Wilson asserts that, other than grabbing Vazquez' arm as he reached into her apartment, she did not have any physical altercations with Jara or Vazquez, and only verbally interacted with the Defendants until she was arrested.  See October 31, 2011 Tr. at 12:22-24 (Kennedy).  The Defendants asserted that Wilson was grabbing Vazquez before and during the spitting.  See October 31, 2011 Tr. at 13:12-15 (Hoden).

On November 1, 2011, the Defendants filed their Defendants' Response to Plaintiff's Motion in Limine (Doc. 65)("Def.s' Response").  In their Response, the Defendants assert that Wilson's Motion in Limine was untimely and that the Court should not have permitted argument at the hearing.  See Def.s' Response at 1.  The Defendants also argue Wilson's Motion in Limine is without merit, because Wilson seeks to exclude information within the officers' knowledge.  See Def.s' Response at 1.  With regard to the information received from dispatch and interviews at the scene, the Defendants contend that the officer's prior knowledge is relevant to whether Jara and Vazquez had probable cause to arrest T. Chabot and to whether Wilson engaged in disorderly conduct.  See Def.s' Response at 2.  In relation to T. Chabot's conduct, the Defendants assert that Wilson encouraged T. Chabot's conduct.  See Def.s' Response at 3-4.

On November 1, 2011, before bringing the jury into the courtroom for voir dire, the Court discussed with counsel the Defendants' Response before trial.  See Transcript of Hearing at 15:2-6 (November 1, 2011)(Griffin) ("November 1, 2011 Tr.").  The Defendants and Wilson agreed that the Court could exclude any testimony about what was on 911 tapes that Jara and Vazquez reviewed in preparation for trial, but that the Court should not exclude what Jara and Vazquez knew when they approached Wilson should not be excluded.  See November 1, 2011 Tr. at 15:22-16:15 (Court, Kennedy, Griffin).  The Defendants and Wilson also agreed to limit evidence on what happened before Jara and Vazquez arrived to cross-examination of Wilson.  See November 1, 2011 Tr. at 17:7-21 (Court, Kennedy, Griffin).  On the issue of T. Chabot's conduct, the Defendants argued that his spitting and kicking were probative of the disorderly conduct with which Wilson was charged.  See November 1, 2011 Tr. at 18:1-15 (Griffin).  The Defendants asserted that Wilson was "disturbing the peace, also causing Mr. Chabot to act up once again and kick out the window to the police vehicle."  November 1, 2011 Tr. at 18:16-23 (Griffin).

## LAW REGARDING RELEVANT EVIDENCE

The threshold issue in determining the admissibility of evidence is relevance.  As a baseline, under the Federal Rules, all evidence that is relevant is admissible -- unless another law or rule excludes the evidence -- and any evidence that is not relevant is not admissible.  See Fed. R. Evid. 402.  The standard for relevance is very liberal.  See United States v. Leonard, 439 F.3d 648, 651 (10th Cir. 2006)("Rule 401 is a liberal standard.")(citing United States v. McVeigh, 153 F.3d 1166, 1190 (10th Cir. 1998)).  The evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  See United States v. Leonard, 439 F.3d at

651.  "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "any tendency" to do so.  <u>United States v. Jordan</u>, 485 F.3d 1214, 1218 (10th Cir. 2007).  <u>See</u> <u>United States v. Leonard</u>, 439 F.3d at 651; <u>United States v. McVeigh</u>, 153 F.3d at 1190.

On the other hand, although the threshold burden is low, the rules do "not sanction the carte blanche admission of whatever evidence a defendant would like.  The trial judge is the gatekeeper under the Rules of Evidence."  <u>United States v. Jordan</u>, 485 F.3d at 1218.  As the advisory committee noted, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance."  Fed. R. Evid. 403 advisory committee's note.  Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative."  Fed. R. Evid. 403.  A district court has "broad discretion to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice."  <u>United States v. Reddeck</u>, 22 F.3d 1504, 1508 (10th Cir. 1994); <u>United States v. Poole</u>, 929 F.2d 1476, 1482 (10th Cir. 1991).

## **LAW REGARDING CHARACTER EVIDENCE**

Under rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith.  <u>See</u> Fed. R. Evid. 404(b).  In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too.  The rule, however, has a number of "exceptions" -- purposes for which such evidence will be admissible.  Those purposes include proving motive, opportunity,

intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  <u>See</u> Fed. R. Evid.

404(b).  The Supreme Court of the United States has enunciated a four-part process to determine

whether evidence is admissible under rule 404(b).  <u>See</u> <u>Huddleston v. United States</u>, 485 U.S. 681,

691-92 (1988).  The Tenth Circuit has consistently applied that test.

> To determine whether Rule 404(b) evidence was properly admitted we look to [a]
> four-part test . . . : (1) the evidence must be offered for a proper purpose; (2) the
> evidence must be relevant; (3) the trial court must make a Rule 403 determination
> of whether the probative value of the similar acts is substantially outweighed by its
> potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court
> shall, upon request, instruct the jury that evidence of similar acts is to be considered
> only for the proper purpose for which it was admitted.

<u>United States v. Zamora</u>, 222 F.3d 756, 762 (10th Cir. 2000)(citing <u>United States v. Roberts</u>, 185

F.3d 1125 (10th Cir. 1999)).  <u>See</u> <u>United States v. Higgins</u>, 282 F.3d 1261, 1274 (10th Cir. 2002).

When prior bad act evidence is both relevant and admissible for a proper purpose, "the

proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link

of which may be the inference that the defendant has the propensity to commit the bad act."  <u>United

States v. Morley</u>, 199 F.3d 129, 133 (3d Cir. 1999)(alterations omitted).  The Tenth Circuit has also

stated that district courts must "identify specifically the permissible purpose for which such evidence

is offered and the inferences to be drawn therefrom."  <u>United States v. Youts</u>, 229 F.3d 1312, 1317

(10th Cir. 2000)(citing <u>United States v. Kendall</u>, 766 F.2d 1426, 1436 (10th Cir. 1985)).  "[A] broad

statement merely invoking or restating Rule 404(b) will not suffice."  <u>United States v. Youts</u>, 229

F.3d at 1317.

## <u>ANALYSIS</u>

The Court will grant the Defendants' Motion in Limine and grant in part and deny in part

Wilson's Motion in Limine.  The Court finds that Jara's subsequent bad acts are not relevant to her

conduct in this case or to the need for punitive damages and that the prejudicial nature of such

-11-

evidence substantially outweighs the probative value.  The Court also concludes that T. Chabot breaking the police car window is not relevant to Wilson's case and that the danger of prejudice substantially outweighs the probative value of such evidence.  The Court finds that T. Chabot's conduct, spitting on Jara, is relevant to whether the Defendants had probable cause to arrest Wilson for disorderly conduct and that the risk of prejudice does not substantially outweigh the probative value of such evidence.

## I.     THE COURT WILL GRANT THE DEFENDANTS' MOTION IN LIMINE AND EXCLUDE EVIDENCE OF OTHER INVESTIGATIONS AND BAD ACTS.

The Defendants argue that the subsequent incident which Wilson wishes to introduce is not probative of Jara's actions in this case and is prejudicial.  See October 31, 2011 Tr. at 5:2-6 (Hoden). Furthermore, the Defendants assert that the Court should prohibit Wilson from inquiring about unrelated lawsuits, improper character evidence, and Internal Affairs/Citizen Complaints against any of the Defendants.  See Def.s' Motion in Limine at 1-2.  Wilson asserts that: (i) evidence of Jara's other acts is highly relevant to the Wilson's claim for punitive damages; (ii) the evidence is offered for a proper purpose under rule 404(b) of the Federal Rules of Evidence; and (iii) the evidence does not risk unfairly prejudicing the Defendants.  See Response at 2-4.  At the hearing, Wilson stated that there were no other bad acts that she anticipated offering into evidence; therefore, the Court will focus its inquiry on the subsequent incident for which Jara was disciplined.  See October 31, 2011 Tr. at 4:21-24 (Kennedy).

Although the Court has allowed evidence of similar acts to support a claim of punitive damages in other cases, see Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 705 F.Supp.2d 1265 (D.N.M. 2010)(Browning, J.), the Court is not convinced that the evidence Wilson seeks to introduce is similar or relevant to the case before it.  "A prior course of similar conduct, if believed

by the jury, makes it more likely that the Defendants' acts in this case were willful and not merely coincidental or reactionary." Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 705 F.Supp.2d at 1271. The case before the Court involves violations of the United States Constitution. See Complaint ¶¶ 22-23, 28, 33, at 3-5. The evidence Wilson seeks to introduce, however, involves the violation of police department policies. See October 31, 2011 Tr. at 5:17-21 (Hoden). It does not appear reasonable that the reprimand under APD policies suggests that the jury here should award punitive damages in this case for a violation of a constitutional right. This Wilson contends that the incident is evidence of Jara's denial of responsibility and proof that she is recalcitrant. See October 31, 2011 Tr. at 5:23-6:25 (Kennedy). The incident for which she received a reprimand occurred after the events of this case and before any finding of liability in this case. This evidence does not make it more likely that Jara's conduct in this case was willful. Jara's denial of a need for discipline in this incident combined with evidence of Jara's belief that she could enter Wilson's home, despite Vazquez' assertions to the contrary, does not demonstrate recalcitrance as Wilson asserts. See October 31, 2011 Tr. at 5:23-6:25 (Kennedy). The Court has also excluded, in other cases, evidence of subsequent acts for the purposes of punitive damages. See Pedroza v. Lomas Auto Mall, Inc., No. 07-0591, 2009 WL 1300944, at *5 (D.N.M. Apr. 2, 2009)(Browning, J.)("The Court need not decide whether all allegations of misconduct that occurred after the conduct at issue in a case, rather than evidence of past conduct, also runs afoul of the due-process limitations on punitive damages. All the Court need decide here is that, in the circumstances of this case, such allegations are not admissible as a basis for punitive damages or as evidence of reprehensibility.").

Furthermore, the prejudice of the subsequent incident will outweigh any probative value that the evidence might have. See Fed. R. Evid. 403. Evidence of this incident seems likely to paint an

unflattering picture of Jara, including a description of the clothes that she was wearing while involved in the questioning of the driver.  See October 31, 2011 Tr. at 5:10-13 (Hoden).  Evidence of her reprimand may show that Jara is unpleasant, which is probably the true value of the evidence to Wilson, but that is not a genuine issue in this case.  The evidence appears more to unfairly prejudice the jury against her, rather than help the jury determine the factual issues presented in this case.  Such evidence falls within the ambit of rule 403 of the Federal Rules of Evidence, because it has the "tendency to suggest decision on an improper basis."  Mata v. City of Farmington, No. 10-0366, 2011 WL 2533090, at *5 (D.N.M. June 17, 2011)(Browning, J.).  Additionally, the introduction of such evidence would necessitate explanations and testimony on unrelated conduct that may distract the jury from its central tasks, which relate to whether Jara acted properly on the night of incident at issue.  See Fed. R. Evid. 403.  See also Donald v. Rast, 927 F.2d 379, 381 (8th Cir. 1991) (stating that, evidence of past disciplinary action against officer was not admissible under Rule 403).

Accordingly, the Court will exclude evidence of Jara's subsequent reprimand for her conduct when the driver was pulled over.  Additionally, the Court will exclude any evidence of other bad acts or unrelated claims against the Defendants.  Wilson indicated at the hearing that she had not substantiated any other claims against the Defendants; the Court will, however, exclude any evidence of other unrelated lawsuits, improper character evidence, and Internal Affairs/Citizen Complaints  unless Wilson brings those matters to the Court's attention during trial at sidebar first.

## II.     THE COURT WILL GRANT IN PART WILSON'S MOTION IN LIMINE.

In her Motion in Limine, Wilson requests that the Court prohibit "any comment regarding

actions by Timothy Chabot." Motion in Limine at 1.[4]  Later in her Motion in Limine and at the hearing, Wilson focused exclusively on T. Chabot spitting on Jara and kicking out the police car window, arguing that such conduct is not relevant evidence, because T. Chabot is not a party in this case, and the evidence will mislead or confuse the jury.  See Motion in Limine at 2; October 31, 2011 Tr. at 7:24-8:4 (Kennedy).  The Defendants assert that the T. Chabot's acts are relevant as part of the totality of circumstances that confronted Jara and Vazquez.  See October 31, 2011 Tr. at 8:12-17, 10:23-25 (Hoden).  The Court will focus its analysis, as Wilson did at the hearing, on the two specific actions of T. Chabot to which Wilson objected, because if the Defendants could not comment on any of T. Chabot's actions, then the Defendants would be unable to present a defense to Wilson's unlawful entry claim.  See Memorandum Opinion and Order at 45-47.  On the unlawful entry claim, the claim rests on whether T. Chabot came to the door voluntarily.  See Memorandum Opinion and Order at 47 ("The Court notes, however, that if T. Chabot did not appear at the door voluntarily . . . then Jara and Vazquez' actions would constitute an unconstitutional search.").  The Court will, therefore, deny the Motion in Limine as it relates to comments on T. Chabot's other actions.[5]  Wilson also argued that the Court should exclude evidence from the 911 calls and other information collected from neighbors after the arrest, because such evidence is not relevant to the

---

[4]The Defendants, in their Response, assert that the Court should have heard argument on Wilson's Motion in Limine because Wilson filed her motion out of time and that Wilson's Motion in Limine was never scheduled for hearing.  See Def.s' Response at 1.  The Court, however, has to address the arguments Wilson raises in her Motion in Limine at some point, either pretrial or during the trial.  While late, it is better to address these kinds of objections as early as possible, rather than in the middle of trial so that the parties may know what evidence to prepare to present.

[5]If Wilson wishes to exclude evidence of T. Chabot's other conduct, she should raise those objections as the evidence is introduced at trial.  Because much of T. Chabot's conduct is relevant to the unlawful entry claim, the Court will not otherwise exclude, pretrial, evidence of T. Chabot's conduct absent objections to specific evidence and conduct.

reasonableness of Jara and Vazquez' conduct.  See Wilson's Motion in Limine at 2.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  T. Chabot's conduct does not make the Defendants' actions in relation to Wilson any more or less reasonable.  Wilson contends that T. Chabot allegedly spit on Jara during the course of his own arrest with no encouragement from Wilson.  See October 31, 2011 Tr. at 11:12-12:3 (Kennedy).  The Defendants contend that Wilson's conducts incited T. Chabot to spit on Jara and that his conduct is relevant to the charge of disorderly conduct.  See November 1, 2011 Tr. at 17:25-18:15 (Griffin).  The crime of disorderly conduct consists of "engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace."  N.M.S.A. 1978, § 30-20-1A.  The Supreme Court of New Mexico interprets this statute to mean "an act of violence, or . . . an act likely to produce violence or which, by causing consternation and alarm, disturbs the peace and quiet of the community."  State v. Florstedt, 77 N.M. 47, 49, 419 P.2d 248, 249 (1966).  The Defendants assert that the spitting "is further evidence of how Plaintiff's disorderly conduct rose to the level to encourage Timothy Chabot to . . . spit upon Officer Jara."  Response at 4.  The Court agrees that the spitting incident could tend to make the existence of disorderly conduct more or less probable depending on what evidence is introduced.  If Wilson's touching of a police officer, and other conduct and speech, contributed to T. Chabot's resisting arrest, her conduct could be viewed as disturbing the peace and disorderly conduct.  See State v. Correra, 147 N.M. 291, 298, 222 P.3d 1, 8 (2009)(discussing cases which found disorderly conduct where the defendants attempted to physically confront police officers and where the defendants tended to incite others to act); State v.

<u>James M.</u>, 111 N.M. 473, 476, 806 P.2d 1063, 1066 (Ct. App. 1990)("Section 30-20-1 does not require that defendant's speech and conduct actually cause[] a violent reaction . . . . Rather, the standard is whether defendant's conduct <u>tends</u> to disturb the public peace.")(emphasis original). Also the incident is part of the res gestae of the incident.  It places Wilson's conduct in context; Wilson should not be able to suggest that everything was calm and her son did not resist arrest.  <u>See</u> <u>United States v. Ganadonegro</u>, No. 09-0312, 2011 WL 3957549, at *4 (D.N.M. Aug. 30, 2011)("Proper background evidence has a causal, temporal or spatial connection with the charged offense.")(citing <u>United States v. Hardy</u>, 288 F.3d 745, 748 (6th Cir. 2000)).

In relation to the kicking of the car window, T. Chabot broke the window on the police car after Jara and Vazquez entered the apartment and after they had decided to arrest Wilson.  The Defendants were arresting Wilson when he kicked out the window.  <u>See</u> October 31, 2011 Tr. at 8:21-23 (Court, Hoden)("It's happening while she's being arrested.").  The Court does not believe that his conduct while Jara and Vazquez were arresting Wilson is relevant to whether Wilson's conduct was disorderly, because at that point Jara and Vazquez were in the process of arresting her, and the Defendants admitted that T. Chabot's conduct did not "impact [any] decision as it relates to Ms. Wilson."  October 31, 2011 Tr. at 9:10-23 (Court, Hoden).  Thus, introducing evidence that T. Chabot kicked out the police car window does not make the determination whether Wilson acted in a disorderly manner more or less probable.  <u>See</u> Fed. R. Evid. 401.

Next, the Court determines whether the evidence of T. Chabot's conduct creates a danger of prejudice which substantially outweighs its probative value.  <u>See</u> Fed. R. Evid. 403.  "Unfair prejudice, in the rule 403 context, means an undue tendency to suggest decision on an improper basis, commonly though not necessarily an emotional one."  <u>Mata v. City of Farmington</u>, 2011 WL

2533090, at *5.  In addition to lacking relevance, the Court will exclude evidence that T. Chabot broke the police car window under rule 403 of the Federal Rules of Evidence.  In this case, T. Chabot's actions are likely to confuse the issues and prejudice the jury, because T. Chabot's actions during Wilson's arrest cannot be attributed to Wilson's conduct.  T. Chabot's conduct exhibits a level of violence not present during the rest of the encounter between Jara, Vazquez, Wilson, and T. Chabot, and could lead the jury to decide the case on an improper basis.  See United States v. Meza, No. 09-3591, 2010 WL 2301582, at * (D.N.M. May 11, 2010)(Browning, J.)(recognizing that violent conduct could prejudice the defendant, but finding that the prejudice did not substantially outweigh the probative value).  Were the Court to allow the introduction of this evidence, the jury might draw inferences unfavorable to Wilson, even though she did not participate in this action, and Jara and Vazquez had already begun the process of arresting Wilson.

In relation to the spitting, the Court determines that, while the evidence creates a danger of prejudice, this danger does not substantially outweigh the probative value of that evidence.  Spitting on a police officer is the kind of act, that could lead the jury to decide the case on an improper basis or attribute to T. Chabot's acts to Wilson.  See Mata v. City of Farmington, 2011 WL 2533090, at *17 ("The questions in the jury's mind will probably be unfavorable to Mata even with some background.  The public generally respects police officers and does not approve of trash talking thing them.").  In Mata v. City of Farmington, however, the Court reached the same determination as the Court reaches here, and determines that "this testimony is not of so little relevance that the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighs its probative value."  2011 WL 2533090, at *17.  Because the spitting occurs during the course of the arrest of T. Chabot, while Wilson was allegedly grabbing Vazquez' arm, evidence on this subject

-18-

may be relevant to the disorderly conduct charge.  The danger of prejudice from the evidence does not <u>substantially</u> outweigh its probative value and the light it will shed on the context in which the incident that occurred.

At the November 1, 2011 hearing, the Defendants and Wilson agreed that the Court could exclude any testimony on 911 tapes that Jara and Vazquez reviewed in preparation for trial, and to limit evidence on what happened before Jara and Vazquez arrived to cross-examination of Wilson. <u>See</u> November 1, 2011 Tr. at 15:22-16:15 (Court, Kennedy, Griffin); November 1, 2011 Tr. at 17:7-21 (Court, Kennedy, Griffin).

Because the Court concludes that evidence of T. Chabot's kicking is irrelevant and prejudicial, the Court will exclude that evidence and grant in part Wilson's Motion in Limine on that basis.  The Court will also grant Wilson's Motion in Limine in reference to the exclusion of 911 tapes reviewed in preparation for trial, and will limit evidence on what occurred before Jara and Vazquez arrived on the scene.  The Court will deny Wilson's Motion in Limine with respect to any of T. Chabot's conduct other than the kicking of the police window, because it is relevant either to the illegal entry claim or to the disorderly conduct charge.

**IT IS ORDERED** that: (i) the Defendants' Motion in Limine to Exclude Introduction of Evidence from Other Cases or Claims Brought Against Defendants and Any Evidence of Allegations of Prior and Subsequent Bad Acts and Memorandum in Support Thereof, filed October 25, 2011 (Doc. 52) is granted; and (ii) Plaintiff Martha Wilson's Motion in Limine to Preclude Argument or Comment Regarding Information Defendants Learned After the Arrest of Plaintiff and to Preclude Comment or Argument Relating to Any Actions of Timothy Chabot, filed October 31, 2011 (Doc. 62) is granted in part and denied in part.  The Court grant the Defendant's Motion in Limine because

the subsequent reprimand of Jara is irrelevant and prejudicial.  The Court will also grant in part Wilson's Motion in Limine because T. Chabot's kicking of the police car window is irrelevant to whether Wilson's rights were violated and prejudicial.



_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Joseph P. Kennedy
Shannon L. Kennedy
Kennedy Law Firm
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Stephanie M. Griffin
Benjamin I. Sherman
Tarra Leigh Hoden
  Assistant County Attorneys
City of Albuquerque
Albuquerque, New Mexico

      *Attorneys for the Defendants*