IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON,

    **Plaintiffs,**

v.                                                                  CV 10-0797 JB /WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA and DANIEL
VAZQUEZ,

    **Defendants.**

## THE KENNEDY LAW FIRM'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES ON ITS OWN BEHALF AND ON BEHALF OF PLAINTIFF MARTHA WILSON

COMES NOW, Pursuant to 42 U.S.C. § 1988, the Kennedy Law Firm, on its own behalf and on behalf of Martha Wilson, moves for Attorneys' Fees, Costs and Expenses and files this Memorandum Brief in Support. While the law allows a prevailing party to recover an attorney fee, it also allows a party to assign this right to her attorneys. *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990)(party may assign part of recover to attorney via contingency contract). The Kennedy Law Firm, through the assignment of rights from Plaintiff Martha Wilson, seeks a reasonable fee herein.

### I.    PREVAILING PARTIES

The District Court is authorized to award fees to a prevailing party. Plaintiff Martha Wilson has prevailed in this matter. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). A plaintiff who wins damages is a "prevailing party". *Id*. at 112. The Jury awarded Ms. Wilson $7,500.00 in compensatory damages and $60,000.00 in punitive damages making her a "prevailing party."

The punitive damages award will hopefully encourage other individual officers to learn rules related to exigency and limitations on their power. This litigation served others as it shed light on a police tactic of threatening unconstitutional acts in order to gain compliance with orders and a lack of understanding of the lawful authority of police in entering homes. *See also, Schinagel v. The City of Albuquerque*, 07 CV 481; Doc.# 203 (C. LeRoy Hansen, Judge)(granting judgment as a matter of law on lack of training claim)

Plaintiff Wilson prevailed as a jury recognized the need to deter police officers from threatening residents with illegal entries. She succeeded in her theory of liability and the public purpose of her litigation. *Barber v. T.D. Williamson Inc.*, 254 F.3d 1223, 1231 (10th Cir. 2001). The Defendants are now on notice that their conduct violated the constitutional rights of Ms. Wilson, thus providing a constitutional benefit to other residents of Albuquerque. *See Brandau v. Kansas*, 168 F.3d 1179, 1183 (10th Cir. 1999)(affirming trial court's award of attorney fees, even though jury gave plaintiff nominal damages, because plaintiff's victory put Kansas on notice that is should reform its sexual harassment policies, thus providing a constitutional benefit to other employees).

Plaintiff was required to engage in factual development and legal work to secure a substantial judgment in her favor that protected her civil rights. Plaintiffs' counsel knew that best case scenario after years of litigation and a jury trial on damages, Plaintiff's counsel may be awarded an hourly rate and costs pursuant to Title 42 U.S.C. § 1988. It is undisputed that plaintiff's counsels' work was a substantial basis for the judgment obtained in favor of their client. We now seek a reasonable fee for Ms. Wilson.

It is likely Defendants will acknowledge that Ms. Wilson is a "prevailing party" under Section 1988, thus this court must only determine what fee is "reasonable." *Phelps v. Hamilton*,

120 F.3d 1126, 1128 (10th Cir. 1997). The prevailing party should recover an attorney's fee unless special circumstances would render the award unjust. *Phelps*, 120 F.3d at 1131 (quoting *Blanchard v. Bergerson*, 489 U.S. 87, 89 n. 1 (1989).) The Tenth Circuit, as well, has held that a district court's discretion to deny fees to a prevailing party is "quite narrow". *Id.*, (quoting *Wilson v. Stocker*, 819 F.2d 943, 951 (10th Cir. 1987)). Thus, Plaintiff's motion for Attorneys' Fees, Costs and Expenses should be granted. *See id.; Koopman v. Water Dist. No. 1 of Johnson County*, 41 F.3d 1417, 1420 (10th Cir. 1994) (Holding that plaintiff was prevailing party because he was awarded nominal damages); *and see, Schinagel and Schinagel vs. The City of Albuquerque*, 07-481 LH/RLP, Memorandum, and Opinion Order (holding that plaintiff was prevailing party when married couple was awarded only nominal damages in civil rights claim, Judge Hansen ordered $158,489.92 in attorneys' fees and costs). In this matter, Plaintiff was awarded punitive damages in addition to damages of $7,500 award weighing in favor of awarding the reasonable fees requested herein. The Supreme Court has squarely ruled that "reasonable attorney's fees...are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576, 106 S.Ct. 2686 (1986).

## II.  FEES AND EXPENSES REQUESTED

Based on the Affidavits of Joseph P. Kennedy and Shannon L. Kennedy filed herein and affidavits filed in *Storey v. Garcia* et al. 08 CV 207 JH/LM by Mr. Robert Rothstein, and Mr. Andrew Shultz, filed herewith, and the time records attached thereto, as well the supporting are attached exhibits, Plaintiff's total Attorneys' Fee and gross receipts claimed are $50.632.40 for Joseph Kennedy and $11,877.00 for Shannon Kennedy. *See Plaintiff's Exhibits A-E*.

The current gross receipts tax applicable to attorneys' fees is payable to Plaintiff's counsel and is 7%. In New Mexico, gross receipts tax rates change regularly. Because all of

Plaintiff's counsel will be obliged to pay gross receipts tax on any fee award at the rate in effect at the time they actually receive such fee, Plaintiff requests the Court award such tax on all counsel's fees at the rate in effect at the time when its ruling awarding fees in entered on the docket. Changes in the tax rate thereafter may be accounted for in some degree by virtue of the federal statutory post-judgment interest applicable as a matter of law to the Court's fee award ruling.

Plaintiff seeks to recover certain expenses which are allowable as statutory costs under 28 U.S.C. § 1920 in the amount of $1,720.62. Plaintiff does not seek double recovery of any such overlapping costs and expenses. For brief discussion regarding the costs allowable under § 1988, *see*, *Jane L. V. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995). *See also*, *Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000).

### III.  ATTORNEYS' FEE AWARD FACTORS

After determining that a party has prevailed, "the [district] court must then fix a reasonable fee." *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1082 (10th Cir. 1998). The Tenth Circuit Court of Appeals set out in detail in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), abrogated on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987), the considerations in determining what is a "reasonable" attorneys fees in civil rights cases.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Ramos, 713 F.2d at 552, quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See also Blum v. Stenson, 465 U.S. 886 (1984); Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257 (10th Cir. 2005)(proper procedure for determining reasonable attorneys' fee is "to arrive at a lodestar figure

4

by multiplying the hours plaintiff's counsel reasonably spent on the litigation by a reasonable hourly rate"), citing Case v. Unified School Dist. No. 233, Johnson County, 157 F.3d 1243, 1249 (10th Cir.1998).

Typically, in assessing reasonableness, courts consider the twelve *Johnson* factors:

1. the time and labor expended;

2. the novelty and difficulty of the questions raised in the case;

3. the skill required to properly perform the legal services rendered;

4. the attorneys' costs in pressing the instant litigation;

5. the customary fee for like work;

6. the attorneys' expectations at the outset of the litigation;

7. the time limitations imposed by the client or circumstances;

8. the undesirable nature of the case within the legal community;

9. the amount in controversy and the result obtained;

10. the nature and length of the professional relationship between the attorneys and the client;

11. the experience, reputation and ability of the attorneys; and

12. attorneys' fees awards in similar cases.

See *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (1974)(the *Johnson* Court enumerated a list of twelve factors to assist in its determination of reasonableness of attorneys' fees to the prevailing party in all but special circumstances). *Albermarle Paper Co.*, 422 U.S. at 415 (1975).

Analysis of the prevailing party's attorneys' fees in light of the *Johnson* factors assists in the determination of a "lodestar" figure which is a presumptively reasonable fee. *Blum v*.

*Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, (1984); and, *Pa. V. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S.Ct. 3078 (1987). Plaintiff's counsels' proposed hourly rates are presumptively reasonable in light of the *Johnson* factors. *See*, Joseph Kennedy, Affidavit at ¶¶ 26, 27, 28, and Plaintiff's Exhibits A; Shannon Kennedy's Affidavit Exhibit B; Affidavit of Robert R. Rothstein, Exhibit D, Affidavit of Andrew G. Schultz, Exhibit C. Counsel seeks $325 per hour for Joseph Kennedy and $300 per hour for Shannon Kennedy. *See also*, *Storey v. Los Lunas*, 08 CV 207 JCH/LAM, Doc. 125 (D.N.M. 9/01011)(Herrera, J.)(awarding $310 for Joseph Kennedy and $295 for Shannon Kennedy for case tried in 2010). Plaintiff seeks a modest increase in the hourly rate Judge Herrera awarded to align their rates more properly with attorneys of similar skill and experience as reflected in the affidavits of Mr. Schultz and Mr. Rothstein.

Plaintiff's counsel knows that in taking Plaintiff's case, there are risks of non-payment. Many things can happen within the two years it normally takes to get a civil rights case to trial in the federal courts. Thus, the nature and the length of the professional relationship between the client and the plaintiff's counsel is long. The process of prosecuting a civil rights claim against any officer takes tenacity and devotion to one's clients. Necessarily to prevail on a civil rights case against a police officer, the client and attorneys must be in a long-term, committed relationship.

In this matter, counsel represented Ms. Wilson for over four years. In order to marshal the evidence to prevail in a civil rights case against a police officer, it is necessary to preserve the evidence for years. In light of all twelve of the *Johnson* factors, Plaintiff's counsel's proposed hourly rates are reasonable.

Counsel began the relationship as criminal defense counsel for both Martha Wilson and Timothy Chabot. The importance of the criminal defense is evident in light of the potential extinguishment of claims pursuant to *Heck v. Humphries*, 512 U.S. 471 (1994) and in the ability to examine evidence and observe testimony of officers.

### IV.     HOURS REASONABLY AND NECESSARILY SPENT

The affidavits filed by counsel provide the basis for calculating the hours on which attorneys' fees should be awarded. Counsel's affidavits satisfy the Tenth Circuit's requirement that attorneys' time records be "meticulous, contemporaneous time records." *Ramos*, 713 F.2d at 553; *Case*, 157 F.3d at 1250. Counsel state in the affidavits that the time spent was reasonably necessary for the prosecution of this case. This Court's review of counsel's billing records, attached to their affidavits, will satisfy it that the hours spent were in fact a reasonable time in which to perform the given tasks described.

> In determining what is reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon the factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side.

*Ramos*, 713 F.2d at 554.

The time records attached to the affidavit of Joseph Kennedy, and Shannon Kennedy, set out in detail the time-consuming nature of plaintiffs' counsel's prosecution of this case. *See*, Plaintiff's Exhibits A & B; Affidavit of Joseph P. Kennedy, Affidavit of Shannon L. Kennedy, with hours of counsel attached. Through the efforts of counsel plaintiff obtained a completely successful result in the vindication of Ms. Wilson's rights on matter of public interest. The time

7

spent, documented and claimed by plaintiffs' counsel herein was reasonable and necessary. In this regard, plaintiff's counsel have all maintained contemporaneous, detailed timekeeping and have utilized billing judgment in voluntarily reducing the number of hours and expenses for which they seek compensation. *See*, Joseph P. Kennedy Aff. ¶¶ 14, 15; Shannon L. Kennedy Aff.,¶¶ 21, 22, 23; Affidavit, Exhibits, A, & B, attached hereto.

### V. MARKET RATES

Plaintiff's counsel are entitled to the reasonable hourly rates requested in their affidavits in light of their experience as federal court litigators and in the civil rights field. The hourly rates requested are based on prevailing market rates, "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555 (footnote omitted). *See also Case*, 157 F.3d at 1256.

Plaintiff's counsel have established their particular experience entitling them to the hourly rates sought in their affidavits. J. Kennedy Aff., ¶¶ 20, 22, 23; S. Kennedy Aff., ¶¶ 19, 20, 22; R. Rothstein Aff., ¶¶ 8-11; A. Schultz Aff., ¶¶ 12-15; Plaintiff's exhibits A-E. In addition, this court has first-hand knowledge of plaintiff's counsel's expertise, which it can consider in placing a value on counsel's services. The *Hensley* Court recognized that the trial court has a "superior understanding of the litigation." 461 U.S. at 437. The trial court "can best assess the experience and skill of attorneys, ... ." *Mary Beth v. City of Chicago*, 723 F.2d 1263, 1281 (7th Cir. 1983). *See also Praseuth*, 406 F.3d at 1257 (citing "inherent advantage" of district court in determining fee award "given its familiarity with the proceedings").

This court may also grant a rate higher than the attorney's traditional rate if the market so dictates. *See Met v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994)("Absent other evidence of prevailing market rates the district court must rely on all relevant factors known to the court in establishing the reasonable rate to be applied . . . to derive the 'lodestar' figure.")(emphasis added).

This Court granted an Application for Attorneys Fees for attorneys who were the prevailing party in one civil rights trial totaling $127,147.52 . See *Kelly v. the City of Albuquerque*, Memorandum Opinion and Order,, CIV 03-507 JB/ACT filed January 21, 2005. The Court quoted *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074 (10th Cir. 1998), extensively to examine the purpose of fee awards to private attorneys in federal civil rights cases and holds "Congress' findings and policy behind enactment of Section 1988 expressed its understanding that federal civil rights litigation was similar to complex antitrust and securities litigation, and entitled to compensation accordingly," finding that "'civil rights attorneys were to paid on a par with commercial lawyers.'" (*Id.*, at p. 13 *quoting Robinson v. Ala. State Dep't of Educ.*, 727 F.Supp. 1422, 1427 n. 14 (M.D. Ala. 1989)(Thompson, J.)(citation omitted), aff'd, 918 F.2d 183 (11th Cir. 1990). The current hourly rate for accomplished civil rights attorneys in New Mexico is between $300.00 to $400.00 dollars an hour. *See Affidavits of R. Rothstein and A. Schultz, Plaintiff's Exbhibits C& D.*

The courts in the Washington D.C. circuit have adopted a uniform matrix, the "Laffey Matrix," for use in calculating fees in § 1983 cases. *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C.)(rev'd in part, 746 F.2d 4 (D.C. Cir. 1984); *see also Covington v. District of Columbia*, 313 U.S. App. D.C. 16, 57 F.3d 1101, 1109 (D.C. Cir.), *cert. denied*, 516 U.S. 1115,

9

133 L. Ed. 2d 847, 116 S. Ct. 916 (1996). A true and correct copy of the current Laffey Matrix 2003-2010 has been supplied by plaintiffs' counsel, and is attached hereto as Plaintiff's Exhibit E.

In the Laffey Matrix column headed "Experience" refers to the years following the attorneys' graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3) years after law school graduation), "senior associates" (4-7 years); "experienced federal court litigators," (8-10 and 11-19 years); and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371; *and see*, Plaintiff's Exhibit E.

Pursuant to the "Laffey Matrix," Mr. Joseph P. Kennedy is a "very experienced federal court litigator" with 20 or more years of experience. Ms. Shannon Kennedy is an "experienced federal court litigators," with between 11 and 19 years of experience. *Id*. Mr. And Ms. Kennedy are partners in The Kennedy Law Firm specializing in federal civil rights litigation and according to Laffey Matrix, if Plaintiff's counsel were practicing federal civil rights litigation in Washington D.C., Mr. Kennedy's hourly rate would be $475.00 an hour; Ms. Kennedy's hourly rate would be $420.00 an hour. *Id*.

The Laffey Matrix adjusted downward for counsel practicing federal civil rights litigation in the District of New Mexico, supports Mr. Kennedy's hourly rate of $325.00 an hour; Ms. Kennedy's hourly rate of $300.00 an hour. *See*, Affidavit of Robert R. Rothstein, ¶¶ 6-13, Plaintiff's Exhibit D, Plaintiff's Exhibit E, the "Laffey Matrix 2003-2010." In other words, adjusting for the difference in cost of living and rental rates in Washington, D.C., a requested fee that is about 75% of litigators in Washington D.C. is a reasonable rate of Albuquerque attorneys.

10

Local market rates normally charged for complex federal litigation by attorneys of comparable skill and experience, established by the decision of the New Mexico federal district court as well as the averments set out in the affidavits of the other New Mexico attorneys attached hereto, also are probative of and support the rates to which plaintiff's counsel are entitled. *Blum v. Stenson*, 465 U.S. at 895, 895-96 n.11. Congress' findings and policy behind enactment of § 1988 expressed its understanding that federal civil rights litigation was similarly complex to antitrust and securities litigation and entitled to compensation accordingly. "As originally envisioned by Congress, civil rights attorneys were to be paid on a par with commercial lawyers." *Robinson v. Alabama State Dept. of Ed.*, 727 F. Supp. 1422, 1427 n.14 (M.D. Ala 1989).

> The Senate Report, S.Rep. No. 94-1011, 94th Cong., 2nd Sess., reprinted in [1976] U.S. Code Cong. and Admin. News 5908, indicates that Congress intended that courts award, generally, the highest rate charged in the area for complex antitrust and commercial litigation: "It is intended that he amount of fees awarded under S.2278 [42 U.S.C. § 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases... ." S.Rep. at 6, [1976] U.S. Code Cong. and Admin. News at 5913.

*Martino v. Carey*, 568 F. Supp. 848, 850 (D. Or. 1983) (emphasis supplied by district court).

Based on counsels training, experience and advocacy skills, and given the particularly complex issues presented in this matter, counsel has supported their requested hourly rate.

## VI.    DEGREE OF SUCCESS

Plaintiff wholly prevailed on her compensatory and punitive damages claim. Plaintiff was fully compensated for her damages. Her degree of success cannot be denominated as anything

11

less than complete and total. Having wholly prevailed and having completely succeeded, plaintiff is entitled to a full compensatory attorneys' fee. The primary issue in determining whether to award plaintiff's counsel's a fully compensatory attorneys' fee is the "degree of success"- when the plaintiff "has obtained excellent results, h[is] attorneys should receive a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. at 435. On this issue, "[t]he result is what matters." *Id*. In this matter, counsel obtained an excellent result for Ms. Martha Wilson.

## VII. FEES FOR OBTAINING FEES AND COSTS

It is now well settled that the time expended in proving and pursuing the fee claim itself is compensable. *Love v. Mayor, City of Cheyenne, Wyoming*, 620 F.2d 235 (10th Cir. 1980). *See also Sierra v. Garley*, No. CIV 94-678 M Civil (Mem. Op. and Order, 10/28/96), at 5. Undersigned counsel has submitted his affidavit detailing his time and expenses to date and the affidavits include time incurred preparing plaintiff's fee application. Based on defendant's opposition to the requested award of fees and expenses, however, the work of plaintiff's counsel related to the fee application is not complete. Plaintiff is well aware of the Supreme Court's admonition that a "request for attorneys' fees should not result in a second major litigation." *Hensley v. Ekerhart*, 461 U.S. 424, 437, (1983).

Accordingly, plaintiff has endeavored to provide this Court with the minimum information necessary to allow it to resolve the instant claim for attorneys' fees, costs and expenses while at the same time mindful of the requirements imposed upon her by the Tenth Circuit case law to establish a sufficient factual record to support that claim. *Cf. Case v. Unified Sch. Dist. No. 233,* F. 3d 1243, 1256-57 (10th Cir. 1998).

Evidence of counsel's additional time spent and expenses will be proved through supplemental affidavits if necessary.

### VIII.   ATTORNEYS' OUT-OF-POCKET EXPENSES

All litigation expenses in civil rights cases, including out-of-pocket expenses, are recoverable under 42 U.S.C. § 1988, as long as the expenses were reasonable and necessary to the litigation of plaintiff's claims and are not normally billed to the lawyer's paying clients as overhead. *Ramos v. Lamm,* 713 F.2d at 559-60 (photocopying, postage, telephone, etc.). "the Act [42 U.S.C. § 1988] essentially shifts the costs of litigation from the victim to the violator." *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987), *cert. den. sub nom. City of Fayetteville v. Spell*, 484 U.S. 1027 (1988).

The expenses requested are normally billed to paying clients by Plaintiff's counsel and in the legal marketplace in general in New Mexico. Joseph Kennedy's Affidavit, Exhibit A. Such expenses are routinely found by the New Mexico federal district courts to be compensable in civil rights cases, in line with applicable precedent from the Tenth Circuit. *See e.g. Harrison v. Eddy Potash, Inc.*, Civ. No. 94-691 JP/WWD (Mem. Op. and Order, 2/8/02), at 10-11 *citing, inter alia, Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997); *Nieto v. Kapoor*, No. CIV 96-1225 MV/JHG (Mem. Op. and Order, 6/12/01), at 7-8 *citing and quoting from Clay v. Unified Sch. Dist. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorneys' fee award if such expenses are usually billed in addition to the attorney's hourly rate")

Plaintiff's counsel's affidavits itemizing all such reasonable and necessary expenses provide the full basis for calculating plaintiff's total fee award, including expenses.

# CONCLUSION

Plaintiff's request for attorneys' fees, costs and expenses, plus applicable New Mexico gross receipts tax, is reasonable and well supported and should be awarded in its entirety by the Court. Based on the foregoing, plaintiff requests this Court award her reasonable attorney's fee and expenses for her counsel's work in this case to date, in the amount of $62,509.40 in fees and $1,720.62 in costs.

Respectfully Submitted,

THE KENNEDY LAW FIRM

**/s/ Shannon L. Kennedy**
Joseph P. Kennedy
Shannon L. Kennedy
1000 Second Street, NW
Albuquerque, NM 87102
(505) 244-1400
Attorneys for Plaintiff

I hereby certify that on January 5th 2012, I filed the forgoing electronically through the CM/ECF system, which caused the following parties of counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Attorneys for Defendants

**/s/ Shannon L. Kennedy**
Shannon L. Kennedy