IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON and TIMOTHY CHABOT,

    Plaintiffs,

v.                                                        CV 10-0797 JB/WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA and DANIEL VAZQUEZ,

    Defendants.

**ORDER DENYING MOTION TO COMPEL**

This matter comes before me on Plaintiff Martha Wilson's Emergency Motion to Compel. (Doc. 113.) In an unusual turn of events, Wilson, acting *pro se*, requests that the Court compel her own attorney, Joseph Kennedy, to produce exhibits and documents relating to the trial that was held in this matter. (*Id.* at 4.) Kennedy agreed to produce all exhibits and additionally offered to produce a copy of her file so long as Wilson reimburses him for the copying costs. (*Id.* at 4, 6.) Thus, the production of documents is not truly at issue here; rather, Wilson asks the Court to order Kennedy to produce the documents without charge.

Wilson does not cite any legal authority in her motion, but she invokes Federal Rule of Civil Procedure 37, which governs motions to compel. Under Rule 37, a litigant may ask a court to order disclosure or discovery pursuant to Rules 26, 30, 31, and 34. *See* FED. R. CIV. P. 37(a)(3). It logically flows that a party may only use a motion to compel when there exists a discovery obligation. A litigant's attorney, who is not a party in a case, has no discovery obligation to that litigant, and he cannot be compelled to produce anything.

However, in the interest of justice, I will not deny this motion on its name alone. Wilson is

*pro se* and has understandably confused a motion to compel with a subpoena. I will also consider her request as if it were a subpoena to produce documents under Rule 45. Rule 45 states that a party responding to a subpoena must "*permit* inspection, *copying*, testing, or sampling of the materials." FED. R. CIV. P. 45(a)(1)(D) (emphasis added). Thus, even under a subpoena, Kennedy would only have to make the documents available to Wilson for copying; he would not have to provide the copies. In this situation, a subpoena serves little practical use, since Wilson will still bear the costs. I decline to use the power of the Court to order Kennedy to act in a manner consistent with his current offer.

Finally, since this is a unique situation in which a client has requested her file from her attorney, I will also consider New Mexico's Rules of Professional Conduct for attorneys. In 2008, the Disciplinary Board of the New Mexico Supreme Court considered whether an attorney may charge a client copying fees for a copy of the client's file upon termination of the relationship. *See* Disciplinary Board Policy, THE DISCIPLINARY BOARD OF THE NEW MEXICO SUPREME COURT (2008), *available at* http://www.nmdisboard.org/DisciplinaryPolicy.htm. According to the Board, New Mexican law is silent as to whether an attorney may charge fees to copy a file. *Id.* The Board adopted a policy to address this situation. This policy states:

> [E]ach matter must be decided based upon the particular facts surrounding the controversy . . . [but] [a]ttorneys are encouraged to copy files for clients whenever feasible without charging for copies . . . The attorney should be responsible for paying for copies of all 'client property' that the attorney wishes to retain, including: a) documents brought to the attorney by the client . . . ; b) depositions, discovery documents and pleadings which were prepared and not yet filed; and c) attorney research and all other documents which are pertinent to the case for which the client was billed and has paid . . . . If the attorney charges the client for copies, he or she may . . . [charge] the actual cost of copying, including staff time.

*Id.*

This Court is not bound by the policy of the Board, but the policy is entitled to serious

consideration. *United States v. Gonzales*, 344 F.3d 1036, 1050 (10th Cir. 2003) (citing *Theard v. United States*, 354 U.S. 278, 282 (1957)) (discussing the weight to assign findings of the Supreme Court of New Mexico's Disciplinary Board in a disciplinary matter). The policy generally disfavors the charging of fees, but it does not prohibit it. Further, the policy encourages an individualized approach. Here, the facts show that Kennedy's offer is consistent with the Federal Rules of Civil Procedure and his ethical obligations. I therefore DENY this motion.

  IT IS SO ORDERED.

                     _____
                     William P. Lynch
                     United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.