IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON, et al.,

    Plaintiffs

v.                                          CV 10-0797 JB/WPL

JENNIFER JARA, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

After a four-day trial, a jury awarded Plaintiff Martha Wilson $7,500 in compensatory damages and $60,000 in punitive damages for a violation of her constitutional rights. (Doc. 87.) Defendants Jennifer Jara and Daniel Vasquez appealed one of the Court's summary judgment rulings after the trial (Doc. 92), and the Tenth Circuit later affirmed the Court's decision. (Doc. 149.) Following the Tenth Circuit's decision, Wilson, acting pro se, moved for prejudgment and post-judgment interest and costs (Doc. 147) and for unspecified relief (Doc. 157). Defendants oppose the motion for interests and costs (Doc. 148) and move to strike Wilson's reply brief to their response to the motion (Doc. 151). The Court entered an Order of Reference, requesting that I conduct legal analysis and recommend a disposition on these motions. (Doc. 158.) After having carefully reviewed the facts and relevant law, I recommend that the Court grant in part and deny in part the motion for interest and costs, deny the motion for unspecified relief, and find the motion to strike moot.

**DISCUSSION**

I.   **Motion for Prejudgment Interest, Post-Judgment Interest, & Costs**

Wilson filed her motion for interest and costs on March 15, 2013, which was after the Tenth Circuit affirmed the Court, but before it filed a mandate. (Doc. 147; Doc. 149.) Defendants' response brief was due before the mandate was filed (Doc. 148), and in their response, Defendants asserted that this Court did not have jurisdiction over the matter at the time (*id*. at 1). Since the Tenth Circuit issued a mandate on April 3, 2013, this Court now has jurisdiction to resolve Wilson's motion, so I will consider it on the merits.

   *a. Prejudgment Interest*

The purpose of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Greene v. Safeway Stores*, Inc., 210 F.3d 1237, 1247 (10th Cir. 2000); *see also Caldwell v. Life Ins. Co. of N. Am*., 287 F.3d 1276, 1286-87 (10th Cir. 2002) (noting that calculation of prejudgment interest begins at the time of loss). Prejudgment interest is "ordinarily awarded, absent some justification for withholding it." *Suiter v. Mitchell Motor Coach Sales*, 151 F.3d 1275, 1288 (10th Cir. 1998). To award prejudgment interest, "[f]irst, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest." *U.S. Indus., Inc. v. Touche-Ross & Co.,* 854 F.2d 1223, 1257 (10th Cir. 1988).

When jurisdiction is based on a federal question, a federal rate of interest rather than the state rate applies. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc*., 295 F.3d 1065, 1077 (10th Cir. 2002). Where the prejudgment rate is governed by federal law, a court is free to choose any

rate which would fairly compensate the plaintiff for the delay. *See Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 764 (10th Cir. 1997); *see also Jones v. Unum Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (holding that because there is no federal statute that purports to control the rate of prejudgment interest, the rate is left to the discretion of the district court).

Wilson asks for prejudgment interest on her award of $60,000 in punitive damages and $7,500 in compensatory damages, running from the date she filed her claim on July 15, 2010, until the date the jury rendered its verdict on November 4, 2011, at a rate of fifteen percent. (Doc. 147.) Her suggested interest rate of fifteen percent is based on New Mexico's statutory prejudgment interest rate for tort claims. (*Id.* at 1.) Defendants object to her request for prejudgment interest, arguing that Wilson has not met her burden of showing that she is entitled to prejudgment interest under this Circuit's two-pronged standard. (Doc. 148 at 2.) Further, they claim that if the Court is to award interest, it should be limited to her compensatory damages for the four-day period between the date the parties abandoned the possibility of settlement and the end of the trial. (*Id.* at 3.) They suggest that the interest rate for this short period of time should be 4.1%, which is the conventional mortgage rate from October 2011 to November 2011. (*Id.* at 4).

I believe that the Court should award prejudgment interest, but since the parties cannot stipulate as to the principal amount, the applicable time period, or the interest rate, I must identify these variables for the parties. I agree with Defendants that prejudgment interest is inappropriate on the $60,000 punitive damage award, since punitive damages are intended to punish and not to compensate a party for his or her loss. However, prejudgment interest on the $7,500 in compensatory damages is permissible since it was awarded to compensate Wilson for her emotional distress.

Defendants suggest that if any interest should be granted, it should be from November 1, 2011, to November 4, 2011, because the parties were in settlement negotiations prior to that point. In support of these dates, Defendants relies on *ClearOne Commc'ns, Inc. v. Chiang*, 432 F. App'x 770, 773 (10th Cir. 2011) (unpublished), which generally held that "[p]rejudgment interest is designed to compensate the plaintiff for the lost time-value of money that, but for the defendant's wrongful acts and delay, would have been paid to the plaintiff." However, *ClearOne* applies Utah law, not federal law, and *ClearOne* never mentions settlement negotiations as a metric by which to calculate prejudgment interest, so I am not persuaded by Defendants' argument.

The federal standard requires that I calculate interest from the time of loss. In *Caldwell*, the court considered the equities in awarding prejudgment interest in an insurance claim matter and decided that the calculation should begin when the insurance company was notified of the claim. 287 F.3d at 1287. While not precisely on point, *Caldwell* provides guidance and directs courts to look to when the defendant first knew of any possible obligation to compensate the plaintiff. Wilson suggested that we use the date she filed this action in state court, July 15, 2010, and this date seems appropriate since Defendants were made aware of her legal claims at that time. Both parties agree that November 4, 2011, the day the jury rendered a verdict, and not November 11, 2011, the day the Court entered a final judgment, is the appropriate end date for a calculation of prejudgment interest. (Doc. 147 at 1, 5; Doc. 148 at 3.)

Lastly, I recommend that the Court use an eight percent interest rate. Wilson's insistence that the Court must apply a fifteen percent interest rate is incorrect; this motion is governed by federal law, not New Mexico law. She offers no other argument explaining why such a high interest rate would be an appropriate method of compensation under federal law other than to

4

cite to New Mexico law, which is inapplicable here. Alternatively, Defendants suggest 4.1%, but this number is seemingly pulled from thin air, and Defendants offer no argument as to why an interest rate that matches conventional mortgage rates is applicable. Since the interest rate is left to the discretion of the court, I am free to select a figure. I believe eight percent is a fair rate that will compensate Wilson, but it is not so high as to constitute a windfall.

      b. *Post-Judgment Interest*

Post-judgment interest automatically accrues from the date of judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961 (2012). The average rate was 0.12 % as of the calendar week before November 4, 2011. *See Daily Treasury Yield Curve Rates,* U.S. DEPARTMENT OF THE TREASURY (last visited July 23, 2013) http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yieldYear&year=2011. Federal law does not exempt punitive damages from post-judgment interest. *DeLong Equip. Co. v. Washington Mills Electro Minerals Corp.,* 997 F.2d 1340, 1342 (11th Cir. 1993); *see also Brown v. Petrolite Corp.*, 965 F.2d 38, 51 (5th Cir. 1992) (holding plain language of the statute authorizes post-judgment interest on punitive damages, which are a part of the "money judgment"); *Bank South Leasing, Inc. v. Williams*, 778 F.2d 704, 706 (11th Cir. 1985) (per curiam) (holding that under § 1961, plaintiff was entitled to post-judgment interest on entire judgment).

The jury rendered a verdict on November 4, 2011 (Doc. 87), and Defendants satisfied the judgment on May 9, 2013 (Doc. 152). I recommend that the Court award Wilson 0.12 % interest on her entire award of $67,500 for this period of time.

*c.  Costs*

A bill of appellate costs must be filed within fourteen days from the entry of judgment with the circuit clerk. FED. R. APP. P. 39(d)(1). Since Wilson seeks costs for her appeal, she must file her bill of costs with the Tenth Circuit.  To the extent she seeks additional costs related to her district court proceedings, the Court has already entered a stipulated order resolving this matter, and Wilson never contested the order. (Doc. 138.) Thus, I recommend that the court deny the motion with respect to costs since it is for the Tenth Circuit to resolve what remains of this issue.

## II.     Motion for Unspecified Relief

In addition to her motion for interest and costs, Wilson filed an unspecified motion that is styled as a notice. In the notice, she indicates that she is experiencing financial and personal troubles and asks the Court for guidance as to how to "go on with this on [her] record." (Doc. 157 at 1.) After detailing her difficulty obtaining a job and housing, she asks for fifteen percent prejudgment and post-judgment interest. (*Id*. at 2.)  The motion does not state a cognizable basis for relief, and the Court has no power to make her circumstances in life better. I recommend that this motion be denied.

## III.    Motion to Strike

Defendants move to strike Wilson's reply brief to their response to the motion for interest and costs, arguing that the reply impermissibly includes new exhibits and evidence, raises arguments for the first time, and fails to comply with the requirements of the local rules. (Doc. 151.) Since I have recommended that the Court deny Wilson's motion with respect to costs for procedural reasons, I have not considered Wilson's arguments at length or the exhibits attached to her reply. Thus, I recommend that the Court find Defendants' motion as moot.

## CONCLUSION

For the aforementioned reasons, I recommend that the Court grant in part and deny in part Wilson's motion for interest and costs (Doc. 147) and: (1) award Wilson prejudgment interest on $7,500 at a rate of eight percent from the period of July 15, 2010, to November 4, 2011; (2) award post-judgment interest on $67,500 at a rate of 0.12 % from November 11, 2011, to May 9, 2013; and (3) deny her motion for costs. Additionally, I recommend that the Court deny Wilson's motion for unspecified relief (Doc. 157) and find Defendants' motion to strike (Doc. 151) moot.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.