## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARTHA WILSON and TIMOTHY CHABOT,

        Plaintiffs,

vs.                                                                 No. CIV 10-0797 JB/WPL

ALBUQUERQUE POLICE OFFICERS
JENNIFER JARA and DANIEL VAZQUEZ,

        Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition, filed July 24, 2013 (Doc. 159)("PFRD"). Plaintiff Martha Wilson has filed Plaintiff's Response Motion to Magistrates [sic] Judge Proposed Findings and Recomendations [sic], filed August 13, 2013 (Doc. 160)("Objections"), and the Court has considered de novo those portions of the PFRD to which Wilson has objected. See Fed. R. Civ. P. 73(b)(3). The Court will adopt the PFRD in full for the reasons set forth in this Memorandum Opinion and Order.

### PROCEDURAL BACKGROUND

Upon trial, a jury awarded Wilson $7,500.00 in compensatory damages and $60,000.00 in punitive damages for violations of her constitutional rights. See Final Judgment, filed November 4, 2011(Doc. 87). Defendants Jennifer Jara and Daniel Vasquez then appealed a summary judgment ruling to the United States Court of Appeals for the Tenth Circuit, see Notice of Appeal, filed December 2, 2011 (Doc. 92), which the Tenth Circuit affirmed on March 12, 2013, see Order and Judgment, filed April 3, 2013 (Doc. 149-1). Wilson, acting pro se,

subsequently moved for prejudgment and postjudgment interest and costs, see Plaintiff's Motion for Pre and Post Judgment Interest Including Costs, filed March 15, 2013 (Doc. 147)("Motion for Costs"), and for unspecified relief, see Notice to the Court, filed June 5, 2013 (Doc. 157)("Motion for Unspecified Relief").   The Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, recommended that the Court award Wilson prejudgment interest at the rate of eight percent on $7,500.00, award postjudgment interest at the rate of 0.12% on $67,500.00, deny Wilson's Motion for Unspecified Relief, and find the Defendants' Motion to Strike Plaintiff's "Opposition Motion" (Reply) Exhibits Regarding Plaintiff's Motion for Pre Judgment, Post Judgment Interest and Costs, filed May 2, 2013 (Doc. 151), moot.  See PFRD at 7.

Wilson filed her Objections to the Judge Lynch's PFRD on August 13, 2013, six days past the fourteen-day deadline for written objections pursuant to 28 U.S.C. § 636(b)(1).  Wilson nonetheless requested that the Court consider her objections given that she is currently forced to live in a hotel, with the majority of her belongings in storage.

### LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059.

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).   The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.   <u>See</u> <u>id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.   If no objections come in, I merely sign the magistrate's order.").   The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.   <u>See</u> Senate Hearings, at 35, 37.   Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.   There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.   We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).   <u>Cf.</u> <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In <u>One Parcel</u>, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack

- 5 -

of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A

district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to

law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has the authority to consider untimely objections if "the interests of justice require review."  Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005)(internal quotations omitted).  The Court may contemplate a pro se litigant's "effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised . . . ."  Morales-Fernandez v. I.N.S., 418 F.3d at 1120.  The Court finds that, given Wilson's current living situation, in which she is living in a hotel with the majority of her belongings in storage, the interests of justice require that the Court consider Wilson's Objections.

After considering each objection individually, the Court will adopt the PFRD that Judge Lynch provided.

**I.   THE COURT OVERRULES WILSON'S OBJECTIONS ABOUT THE PREJUDGMENT INTEREST RATE.**

Wilson objects to the prejudgment interest rate of eight percent that Judge Lynch determined, arguing that New Mexico courts can award interest as high as fifteen percent.  See Objections at 2-3.  As Judge Lynch addressed, see PFRD at 2, federal interest rate rules, rather than state rules, apply when jurisdiction is based on a federal question, see Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc., 295 F.3d 1065, 1077 (10th Cir. 2002).  In this case, federal jurisdiction is based on federal questions pursuant to 42 U.S.C. §§ 1983 and 1988 as well as 28 U.S.C. § 1343.  See Notice of Removal at 1, filed August 25, 2010 (Doc. 1); Pretrial Order at 2, filed October 31, 2011 (Doc. 67).  Federal interest rates therefore apply.  See Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc., 295 F.3d at 1077.  In the Tenth Circuit, the calculation of prejudgment interest "rests firmly within the sound discretion of the trial court."  Caldwell v. Life Ins. Co. of No. Am., 287 F.3d 1276, 1287-88 (10th Cir. 2002)(explaining that 28 U.S.C. § 1961 applies to post-judgment interest and that a district court is not required to use § 1961 in calculating prejudgment interest).  Upon reviewing this case de novo and applying its own discretion, the Court finds that an eight percent rate is generous to Wilson, sets the prejudgment interest rate at eight percent, and overrules Wilson's objection to the interest rate that Judge Lynch set.

**II.   THE COURT OVERRULES THE OBJECTION TO THE PREJUDGMENT INTEREST COMMENCEMENT DATE.**

Wilson objects to Judge Lynch's finding that prejudgment interest should commence on July 15, 2010, when the case was filed, rather than on August 16, 2007, when the constitutional

violations occurred.  See Objections at 1.  Wilson cites "Kelly v. City of Albuquerque (10th Cir.)" as authority for the proposition that she is entitled to prejudgment interest dating back to the day of the constitutional violation.  Objections at 1.  Wilson may be citing to Kelley v. City of Albuquerque, 542 F.3d 802 (10th Cir. 2008); however, Kelley v. City of Albuquerque does not discuss prejudgment interest, and therefore the Court finds this objection lacks a sound basis in the law.  Pursuant to Caldwell v. Life Insurance Company of North America's equitable approach to the commencement of prejudgment interest that Judge Lynch discussed in the PFRD, the Court overrules Wilson's objection and adopts the Judge Lynch's recommendation that prejudgment interest commence at the time of filing, when the Defendants were first made aware of Wilson's claims.  See Caldwell v. Life Ins. Co. of No. Am., 287 F.3d at 1287.

## III.  THE COURT OVERRULES WILSON'S OBJECTIONS TO THE POSTJUDGMENT INTEREST ON ATTORNEYS' FEES.

Wilson objects to the absence of attorneys' fees in the calculation of postjudgment interest in the PFRD.  See Objections at 3-4.)  The Judge Lynch's PFRD recommends that postjudgment interest be awarded on Wilson's "award of $67,500," PFRD at 5, omitting the stipulated $56,175.00 in attorneys' fees, see Stipulation to the Kennedy Law Firm's Motion for Attorneys' Fees, Costs and Expenses on Its Own Behalf and on Behalf of Plaintiff Martha Wilson [Doc. #112] ¶ 1, at 1, filed February 29, 2012 (Doc. 138)("Stipulation").  While the Tenth Circuit has ruled that 28 U.S.C. § 1961 requires interest on an award of attorneys' fees that are part of the judgment, see Transpower Constructors v. Grand River Dam Auth., 905 F.2d 1413, 1423-24 (10th Cir. 1990), the Court finds that in this case, the parties have stipulated that the Kennedy Law Firm, which formerly represented Wilson, waived any interest on attorneys' fees.  See Stipulation ¶ 4, at 1.  Although neither the Objections nor the Defendants' Response to Plaintiff's [Objections] [Doc. 160] to Magistrate Judge's Proposed Findings and Disposition,

filed August 20, 2013 (Doc. 161), addresses the firm's waiver of interest on the stipulated attorneys' fees, the Court may take judicial notice of its own records.  See, e.g., Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972).  Given the waiver of interest on attorneys' fees, the Court overrules Wilson's objection and denies interest on the attorneys' fees.

## IV.    THE COURT OVERRULES WILSON'S OBJECTIONS TO JUDGE LYNCH'S CONCLUSIONS ON COSTS.

Wilson objects to Judge Lynch's recommended denial of costs.  See Objections at 4.  The Court concludes that the objection lacks a sound basis in the law or in the facts.  First, as discussed in Judge Lynch's PFRD, a bill of appellate costs must be filed with the clerk of the Court of Appeals within fourteen days from entry of judgment.  See Fed. R. App. P. 39(d)(1). Wilson did not make such a filing.  Further, with respect to district court costs, the Court already resolved this issue in a stipulated, uncontested order.  See Stipulation at 1.  Having reviewed the matter de novo, the Court overrules Wilson's Objections and adopts the Judge Lynch's recommendation that the Court should deny further cost recovery by Wilson.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed July 24, 2013 (Doc. 159) are adopted as an order of the Court, and the Court grants in part and denies in part the Plaintiff's Motion for Pre and Post Judgment Interest Including Costs, filed March 15, 2013 (Doc. 147); (ii) Plaintiff Martha Wilson is awarded prejudgment interest on $7,500.00 at a rate of eight percent from July 15, 2010, to November 4, 2011; (iii) Wilson is awarded postjudgment interest on $67,500.00 at a rate of 0.12% from November 11, 2011, to May 9, 2013; (iv) the objections contained in the Plaintiff's Response Motion to Magistrates [sic] Judge Proposed Findings and Recomendations [sic], filed August 13, 2013 (Doc. 160), are overruled; (v) the request in the Notice to the Court, filed June 5, 2013 (Doc. 157), is denied; and (vi) the Defendants' Motion to Strike Plaintiff's "Opposition Motion" (Reply) Exhibits

Regarding Plaintiff's Motion for Pre Judgment, Post Judgment Interest and Costs, filed May 2, 2013 (Doc. 151), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Martha Wilson
Frederick, Maryland

 *Plaintiff pro se*

Timothy Chabot
Frederick, Maryland

 *Plaintiff pro se*

Benjamin I. Sherman
Stephanie M. Griffin
Tarra Leigh Hoden
City of Albuquerque
Albuquerque, New Mexico

 *Attorneys for the Defendants*